**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Marco Allard,<br>Petitioner<br>-vs-<br>David Shinn, et al.,<br>Respondents. | CV-20-0888-PHX-SPL (JFM)<br><br>**Report & Recommendation on Petition<br>for Writ of Habeas Corpus** |

## I.  MATTER UNDER CONSIDERATION

Petitioner has filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 14).   The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II.  RELEVANT FACTUAL & PROCEDURAL BACKGROUND
## A.  FACTUAL BACKGROUND & PROCEEDINGS AT TRIAL

"Allard pled guilty[1] to two counts of attempted molestation of a child, a class 3 felony and dangerous crime against children, and one count of sexual conduct with a minor, a class 2 felony and dangerous crime against children. The trial court sentenced[2] him in accordance with the plea agreement[3] to an aggravated twenty-seven-year prison

---

[1] See Exh. B, R.T. 8/14/14 (Change of Plea).

[2] *See* Exh. C, R.T. 10/30/13 (Sentencing).

[3] Exh. A, Plea Agreement.

- 1 -

term on the conviction for sexual conduct with a minor and placed him on lifetime probation on the two convictions for attempted child molestation." (Exh. K, Mem. Dec. 2/16/17 at ¶ 2.) (Exhibits herein are referenced as follows: to the Petition (Doc. 14) as "Exh. P-__"; and to the Answer (Doc. 23), as "Exh. ___".)

**B. PROCEEDINGS ON DIRECT APPEAL**

Petitioner did not file a direct appeal. (Petition, Doc. 14 at 2.) Moreover, as a pleading defendant, Petitioner had no right to file a direct appeal. *See* Ariz. R. Crim. P. 17.1(e); and *Montgomery v. Sheldon*, 181 Ariz. 256, 258, 889 P.2d 614, 616 (1995).

**C. PROCEEDINGS ON POST-CONVICTION RELIEF**
**1. First PCR Proceeding**

On August 28, 2014, Petitioner timely commenced his first post-conviction relief (PCR) proceeding by filing a PCR Notice (Exh. E). Counsel was appointed who eventually filed a Notice of Completion (Exh. F) asserting an inability to find a "colorable" issue for review. Petitioner filed his *pro per* PCR Petition (Exh. H), arguing: improper aggravation of his sentence; and no opportunity to comment on the presentence report and Psychosexual Evaluation and Risk Assessment Reports. The state responded (Exh. I), arguing: waiver by guilty plea, and lack of merit. The trial court found the claims without merit. (Exh. O, Order 5/5/15.)

Petitioner sought review by the Arizona Court of Appeals, arguing: his sentence was improperly aggravated, his Psychosexual Evaluation was not used to mitigate his sentence, and his admissions of aggravating factors were involuntary based on the "atmosphere" when made. (Exh. N, Pet. Rev. 6/5/15.)

The Arizona Court of Appeals granted review, but summarily denied relief adopting the trial court's reasoning. (Exh. K, Mem. Dec. 2/16/17.)

Petitioner sought review by the Arizona Supreme Court (Exh. P), which summarily denied review on August 2, 2017 (Exh. R). On September 5, 2017, the Arizona Court of

Appeals issued its mandate (Exh. Q).

### 2. Second PCR Proceeding

Almost eleven months later, on August 2, 2018, Petitioner filed his second PCR Notice arguing his sentence was beyond the maximum allowed (Exh. S).  The PCR dismissed the proceeding as untimely, rejecting the contentions that the court lacked subject matter jurisdiction under Ariz. R. Crim. Proc. 32.1(b) or that his delay was justified under Ariz. R. Crim. Proc. 32.1(f), and that his other untimely grounds for relief were without merit.  (Exh. T, Order 9/7/18.)

Petitioner filed a petition for review ("Opening Brief") (Exh. W).  The Arizona Court of Appeals granted review but summarily denied relief finding no abuse of discretion in the trial court's ruling.  (Exh. Z, Mem. Dec. 4/23/19.)

Petitioner sought review by the Arizona Supreme Court (Exh. AA), which denied review on September 23, 2019 (Exh. BB).

### D.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner, presently incarcerated in the Arizona State Prison Complex at Kingman, Arizona, commenced the current case by filing his original Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 6, 2020 (Doc. 1).  That petition was dismissed with leave to amend on the basis of Petitioner's failure to allege a constitutional violation.  (Order 5/18/20, Doc. 6.)  After a subsequently vacated dismissal for failure to amend, Petitioner filed his Amended Petition (Doc. 14) on July 29, 2020.  Petitioner's Petition asserts the following grounds for relief:

> In **Ground One**, Petitioner asserts that his Fourteenth Amendment right to **procedural due process** was violated when the trial court did not comply with Rules 32.4 and 32.6 of the Arizona Rules of Criminal Procedure and Maricopa County Local Rule 4.5. Petitioner further claims the trial court "made arguments" for the State and "was the decision-maker," thereby "becoming both adversary and decision-maker" and prejudicing Petitioner. In **Ground Two**, Petitioner contends Arizona House Bill 2283, which amended Arizona's sexual offense laws and clarified the definition of "sexual contact," constitutes a significant **change in the law** and that

he was denied **notice of the nature and cause of the accusation** against him, in violation of his Fifth, Sixth, and Fourteenth Amendment rights.

In **Ground Three**, Petitioner claims his **sentence is excessive or illegal**, in violation of the Eighth Amendment, because the trial court sentenced him in excess of the terms of his plea agreement. In **Ground Four**, Petitioner asserts his Fourteenth Amendment rights to **due process and equal protection** were violated because he received unfair and unequal treatment. Petitioner appears to contend that, as an indigent defendant, he was not afforded "the full panoply of the laws in Arizona post-conviction rules" to assert his claims.

In separate handwritten pages included with the Amended Petition, Petitioner asserts that as a non-English speaker, he is entitled to equitable tolling, presumably of the time to file a petition for writ of habeas corpus. Petitioner also claims his counsel was ineffective for failing to "properly convey" Petitioner's "thoughts" and sentencing offers in the plea agreement. Petitioner alleges he agreed with the State that his crime would be designated as a non-dangerous, non-repetitive charge and was therefore "under the impression" that he would be sentenced to no more than 10 years for all charges. Petitioner further argues that the Arizona Supreme Court recently made substantial amendments to the Arizona Rules of Criminal Procedure concerning post-conviction relief; specifically, the Arizona Supreme Court "made the rules retroactive as long as applying the rule or amendment would be infeas[i]ble or work an injustice," clarified that claims based on Rule 33.1(b)-(h) are not subject to preclusion under Rule 33.2(a)(3), and required post-conviction counsel to "follow and check of[f] an 18 point check of all documents related to the case" before counsel files in Anders brief asserting there are no colorable claims for post-conviction relief.

(Order 7/31/20, Doc. 15 at 3.) Respondents construe Petitioner's separate handwritten pages as asserting a **Ground Five**, claiming ineffective assistance of counsel based on failure to properly convey Petitioner's thoughts and sentencing offers in the plea agreement. (Answer, Doc. 23 at 2.) Petitioner does not oppose this construction, and the undersigned adopts it.

**Response** - On November 20, 2020, Respondents filed their Limited Answer (Doc. 23). Respondents argue the Petition is untimely (*id.* at 15-17), Petitioner is not entitled to equitable tolling (*id.* at 16-20), and Petitioner has procedurally defaulted on his state remedies (*id.* at 20-28.)

**Reply** - Because Respondents have relied upon a failure to properly exhaust state remedies, the Court set a date certain for a reply and directed:

any assertions in the reply that Petitioner's claims were fairly presented to the state appellate courts shall be supported by specific references to the location of the presentation of the claim, i.e. by

- 4 -

exhibit number/letter in the record of this proceeding, document name, date of filing with the state court, page(s)/ line number(s) (e.g. "Exh. A, Petition for Review, filed 1/1/15, at 1/17 – 2/23").

(Order 12/1/20, Doc. 24.)

On March 18, 2021, Petitioner filed a Reply (Doc. 29). The reply was unsigned by Petitioner, and was stricken. (Order 3/22/21, Doc. 29.) Eventually, on June 14, 2021, Petitioner filed a motion (Doc. 34) adopting the Reply as his own, and it was reinstated. (Order 7/21/21, Doc. 42.)

Petitioner argues: he is entitled to equitable tolling based on him being a Spanish-only person without Spanish legal material or legal assistance and subject to prison relocations affecting inmate assistance (Doc. 29 at 2-3); he fairly presented his claim in Ground 4 as a federal claim (*id.* at 4-5); the state waived its arguments by failure to respond to his state court filings (*id.* at 6-7); the state has failed to respond and thus waived any defenses to his claim that he "was denied the adversarial process" (*id.* at 8); and by failing to respond to his claims before the state courts, Respondents have waived any defenses (*id.* at 9).

### III.  APPLICATION OF LAW TO FACTS
**A.  TIMELINESS**
**1. One Year Limitations Period**

Respondents assert that Petitioner's Petition is untimely. A 1-year statute of limitations applies to all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. 28 U.S.C. § 2244(d). Petitions filed beyond the one-year limitations period are barred and must be dismissed.

Petitioner suggests that Respondents somehow waived the statute of limitations defense in the state court proceedings. But Petitioner proffers nothing to show Respondents had reason or opportunity to assert to the state courts that an, as of then, unfiled federal habeas petition was untimely. This waiver argument is without merit.

## 2.  Commencement of Limitations Period

The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[4]

For an Arizona noncapital pleading defendant, "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)." *Summers v. Schriro,* 481 F.3d 710, 717 (9th Cir. 2007).  "To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review." *Id.* at 715 (citing Ariz. R.Crim. P. 32.4(a)).  Thus, the conviction of a pleading defendant becomes "final" at the conclusion of the first "of-right" post-conviction proceeding under Rule 32, or the expiration of the time to do so.

Here, Petitioner filed a timely, of-right PCR proceeding, which remained pending until at least May 5, 2015, when it was denied by the PCR court.  Petitioner filed a timely petition for review with the Arizona Court of Appeals (Exh. N), and the Arizona Supreme Court (Exh. P), and the latter remained pending until August 2, 2017 (Exh. R.)

For purposes of 28 U.S.C. § 2244, "direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).  The rules of the Supreme Court of the United States, requires that a petition for a writ of certiorari be filed "within 90 days after entry of the order denying discretionary review." U.S.S.Ct. R. 13(1). Accordingly, because Petitioner did not file a petition for a writ of certiorari (*see* Petition, Doc. 14 at 3), his conviction became final on

---

[4] Later commencement times can result from a state created impediment, newly recognized constitutional rights, and newly discovered factual predicates for claims.  *See* 28 U.S.C. § 2244(d)(1)(B)-(D).  Petitioner proffers no argument that any of these apply.

**December 4, 2017**, 90 days after the Arizona Supreme Court denied review.[5]

For purposes of counting time for a federal statute of limitations, the standards in Federal Rule of Civil Procedure 6(a) apply. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Rule 6(a)(1)(A) directs that the "the day of the event that triggers the period" is excluded. *See Patterson v. Stewart*, 251 F.3d 1243 1246 (9th Cir. 2001) (applying "anniversary method" under Rule 6(a) to find that one year grace period from adoption of AEDPA statute of limitations, on April 24, 1996, commenced on April 25, 1996 and expired one year later on the anniversary of such adoption, April 24, 1997).

Based on the foregoing, Petitioner's conviction became final on December 4, 2017, upon expiration of his time to file a petition for writ of certiorari with the U.S. Supreme Court, and without any tolling expired one year later on December 4, 2018.

### 3. Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This provision only applies to state proceedings, not to federal proceedings. *Duncan v. Walker*, 533 U.S. 167 (2001).

Moreover, statutory tolling of the habeas limitations period only results from state applications that are "properly filed," and an untimely application is never "properly filed" within the meaning of § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Even if the state court provides alternative grounds for disposing of the state application, a ruling that the application was untimely precludes it from being "properly filed" and tolling the limitations period. *Carey v. Saffold*, 536 U.S. 214, 225-26 (2002). For purposes of applying the "properly filed" requirement of § 2244(d), the federal courts look to the "last reasoned decision" of the state courts. *Curiel v. Miller*, 830 F.3d 864, 869 (9th Cir. 2016).

Petitioner is entitled to no statutory tolling for the pendency of his second PCR

---

[5] "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." U.S.S.Ct. R. 13(3).

proceeding. Petitioner's second PCR proceeding was not commenced until August 2, 2018, when he filed his second PCR Notice (Exh. S). The PCR court ruling, the last reasoned decision, opined:

> Arizona law allows Defendants to file a second Notice of Post-Conviction Relief for the purpose of challenging the effectiveness of post-conviction relief counsel in a first of right proceeding. *See State v. Pruett*, 185 Ariz. 128, 131, 912 P.2d 1357, 1360 (App. 1995). The proceeding challenging counsel's effectiveness must be filed within 30 clays of the final order. Ariz. R. Crim. P. 32.4(a)(2)(C); *see Osterkamp v. Browning*, 226 Ariz. 485, 491, il 21, 250 P.3d 551, 557 (App. 2011). Because the Arizona Court of Appeals issued its order and mandate on September 5, 2017, a second Notice of Post-Conviction Relief was due on October 5, 2017. Accordingly, this Rule 32 proceeding is untimely by more than nine months.

(Exh. T, Order 9/7/18.)

It is true that Rule 32.4 provides exceptions for certain types of claims, enumerated in Ariz. R. Crim. Proc. 32.1(d), (e), (f), (g), (h). Petitioner asserted application of the exceptions for newly discovered material facts and failure for untimely filings. (Exh. S, PCR Not. at 2-3.) However, the trial court rejected Petitioner's arguments that the exceptions applied. The court found that Rule 32.1(f) did not apply because it only applied to untimely of-right proceedings, not successive ones. (Exh. T, Order 9/7/18 at 4.) The court also found that Rule 32.1(e) did not apply because Petitioner did not rely on newly discovered *facts*, only newly discover legal arguments. (*Id.* at 3.)

Therefore, Petitioner's one-year limitations period expired on December 4, 2018, making his Amended Petition (Doc. 14), filed on July 29, 2020, almost 20 months delinquent.

Even if this Court could conclude that Petitioner's Amended Petition relates back to the filing of the original Petition (Doc. 1), that earlier petition was not filed until May 6, 2020, over 17 months after his one year expired.

The original Petition asserts it was placed in the prison mailing system on May 1, 2020. (Orig. Petition, Doc. 1 at 16.) Under the prison mailbox rule, that Petition can be deemed filed as of that date. *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). Even so, the original Petition would have still been over 16 months delinquent.

- 8 -

**4.  Equitable Tolling**

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted).  "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

Even if extraordinary circumstances prevent a petitioner from filing for a time, equitable tolling will not apply if he does not continue to diligently pursue filing afterwards.  "If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2nd Cir. 2000).  Ordinarily, thirty days after elimination of a roadblock should be sufficient.  *See Guillory v. Roe*, 329 F.3d 1015, 1018, n.1 (9th Cir. 2003).

Petitioner bears the burden of proof on the existence of cause for equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate.").

Petitioner argues he is entitled to equitable tolling because: (1) he is a non-English

speaker; (2) PCR counsel did not advise him of the habeas statute of limitations; and (3) he was unaware of Arizona Department of Corrections, Rehabilitation and Reentry regulations for providing assistance to non-English speaker, and the prison librarian and paralegal do not speak Spanish; (4) he was unaware of the habeas statute of limitations; (5) his prison relocations kept him from having "continuous" assistance from other Spanish-speaking inmates; and (6) he diligently pursued his rights upon discovery. (Reply, Doc. 28 at 2-3.)

Respondents argue that Petitioner fails to describe any "abandonment" by counsel, and being *pro se* is not an extraordinary circumstance.  They argue being a Spanish-speaking-only inmate is not, in the District of Arizona, an extraordinary circumstance. Respondents argue Petitioner must show not only a lack of Spanish materials, but lack of translation assistance, which his state filings he had.  They further argue the Petition did not assert Petitioner was not aware of the habeas limitations period. (Answer, Doc. 23 at 17-20.)

Here, Petitioner's one year was running from December 5, 2017 through December 4, 2018.  Thus, the extraordinary circumstances on which Petitioner relies must have existed during that time frame.

**Lack of Knowledge of Limitations Period** – Petitioner complains he was unaware of the limitations period.  "[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."  *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). "[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999).

**Language Issues** – Petitioner asserts his ignorance is excusable because he speaks only Spanish, and had no Spanish legal assistance and no Spanish legal materials available to him.  At least in the District of Arizona, being a Spanish-speaking-only inmate without legal books in Spanish is not an extraordinary circumstance.  "Lack of English proficiency can constitute an extraordinary circumstance for equitable tolling purposes, but only when

the petitioner is unable to procure legal materials in his own language or to obtain translation assistance." *Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1078 (9th Cir. 2014). A "non-English-speaking petitioner seeking equitable tolling must, *at a minimum*, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006) (emphasis added). Thus, Petitioner cannot rely solely on his lack of English, or even the lack of Spanish books or legal assistance, but must also show a lack of translation assistance. "Since Yeh received assistance in translation during the relevant time period, his lack of linguistic understanding could not have made it "impossible" for him to meet the deadline." *Martel*, 751 F.3d at 1078.

Here, the availability of translation assistance to Petitioner (despite any relocations) is demonstrated by the fact that he was able to file *pro se* his Second PCR Notice (Exh. S, 8/2/18), his Motion for Reconsideration (Exh. U, 10/3/18), and his second Petition for Review (Exh. W, 11/30/18), all translated or wholly in English, and all during the relevant time period. Prior to that time, he had been able to file his *pro se* Petition for Review (Exh. P, 4/24/17) in his original PCR proceeding. Subsequently, he was able to file his *pro se* Motion for Confession of Error (Exh. X, 1/14/19), Petition for Review (Exh. AA, 5/9/19), and his original Petition (Doc. 1, 5/6/20) in this case. All of these were in English.

**Abandonment by Counsel** – Petitioner blames his PCR counsel's failure to advise him, asserting he was "abandoned." Although an attorney's behavior can establish the extraordinary circumstances required for equitable tolling, mere negligence or professional malpractice is insufficient. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.2001). A "garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline does not warrant equitable tolling.'" *Holland v. Florida*, 560 U.S. 631, 651-652 (2010). Rather, the attorney's misconduct must rise to the level of extraordinary circumstances. *Id.* "Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the

- 11 -

postconviction context where prisoners have no constitutional right to counsel." *Lawrence v. Fla.*, 549 U.S. 327, 336–37 (2007).

Here, Petitioner's claim that counsel failed to advise him of the habeas limitations period fails to show anything more than routine ineffectiveness. Petitioner does not suggest that PCR counsel was retained or appointed to advise Petitioner in his habeas proceeding. Thus, there is no indication that counsel abandoned Petitioner, as opposed to simply ending his representation in the PCR proceeding. Nor, assuming counsel had an obligation to advise Petitioner on such matters, would mere failure to do so amount to an extraordinary circumstance. *Cf. Holland*, 560 U.S. 631 (habeas counsel's repeated failures to respond to client's inquiries over a period of years).

**No Diligence** – Although Petitioner asserts he was diligent in pursuing his federal habeas remedy, he offers nothing to show his diligence. Perhaps Petitioner relies upon his efforts to obtain review in the state courts in his second PCR proceeding. But Petitioner proffers no reason he could not have utilized the same resources to file his habeas petition.

Perhaps Petitioner did so based on a tactical decision to attempt to first exhaust his state remedies. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Supreme Court analyzed the potential catch-22 between the habeas limitations period and the exhaustion requirement, where a state petitioner has filed a state post-conviction relief proceeding which may ultimately be deemed untimely, thus not properly filed, and resulting in the expiration of his habeas limitations period. "A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Id.* at 416. Petitioner proffers no reason why this avenue was not available to him.

Petitioner fails to establish he is entitled to equitable tolling.

**5. Actual Innocence**

To avoid a miscarriage of justice, the habeas statute of limitations in 28 U.S.C. §

- 12 -

2244(d)(1) does not preclude "a court from entertaining an untimely first federal habeas petition raising a convincing claim of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383 (2013). To invoke this exception to the statute of limitations, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schlup*, 513 U.S. at 324.

Petitioner makes no claim of actual innocence based on new credible evidence, and the record reveals none.

## 6. Summary re Statute of Limitations

Petitioner's one year habeas limitations period commenced running on December 5, 2017, after the expiration of his time to seek certiorari review in his of-right PCR proceeding. It expired on December 4, 2018, making even his original Petition over 16 months delinquent. Petitioner has shown no basis for statutory tolling, equitable tolling or actual innocence to avoid the effects of his delay. Consequently, the Petition must be dismissed with prejudice.

## B. OTHER DEFENSES

Because the undersigned concludes that Petitioner's Petition is plainly barred by the statute of limitations, Respondents' other defenses are not reached.

## IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2253(c)(3). *See also* Rules Governing § 2254 Cases, Rule 11(a).

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. Under the reasoning set forth herein, jurists of reason would not find it debatable whether the district court was correct in its procedural ruling.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

- 14 -

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED:**

(A)  Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 14) be **DISMISSED WITH PREJUDICE**.

(B)  To the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

## VI.  EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

However, pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

In addition, the parties are cautioned Local Civil Rule 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated: February 4, 2022

20-0888r RR 22 02 03 on HC.docx

James F. Metcalf
United States Magistrate Judge

- 15 -